IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**                                                               CASE NO. 4:94cr4021-WS
                                                                       CASE NO. 4:05cv277-WS/WCS

**ARTHUR JEROME MARTIN,**

    **Defendant.**

_____/


### REPORT AND RECOMMENDATION ON PETITION FOR MODIFICATION OR CORRECTION OF SENTENCE

Defendant Martin filed a "Petition for Modification or Correction of Sentence," and "Petition in Support of Petition . . . Solely to Demonstrate the Retroactivity of United States v. Booker, 160 L.Ed.2d 621 (2005) and Retrospective Application of In Re Winship, 397 US 358 (1970)."  Docs. 349 and 350.  Defendant also filed a "Petition Addressing the Non-Application of the Remedial Decision to Final Convictions."  Doc. 351.

Defendant asserts that his sentence, based on the court's finding of drug quantity and role in the offense by a preponderance of evidence, violates the principles of United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v.

Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), Apprendi v. New Jersey, 530 U.S. 466, 476, 490, 120 S.Ct. 2348, 2355, 2362-63, 147 L.Ed.2d 435 (2000), and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Doc. 349, pp. 8-10 (other citations omitted).

Defendant was previously denied relief pursuant to 28 U.S.C. § 2255. Docs. 315 and 316 (denying with prejudice Defendant's § 2255 motion, amended § 2255 motion, and § 3582 motion, docs. 274, 306, and 308). A certificate of appealability was denied. Doc. 322.

Defendant then filed a pleading titled "Nunc Pro Tunc . . . Decree for a Specific Performance . . . As to the Correction for a Violation of Fed.R.Crim.P. 12(b)(2)." Doc. 330. Though not cited by Defendant, the court found his claim was based on Apprendi, and construed the motion as an unauthorized second or successive § 2255 motion. Docs. 331 and 332. This court denied a certificate of appealability but granted leave to proceed in forma pauperis. Doc. 341.[1] The Eleventh Circuit found that the "nunc pro

---

[1] It was noted in hindsight that recharacterization of Defendant's motion as a § 2255 motion may have been in error. Doc. 341, p. 2, *citing* Castro v. United States, 277 F.3d 1300 (11th Cir. 2002). That Castro opinion was later vacated and superceded, but the superceding opinion was vacated by the Supreme Court. Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003). In any event, "[t]he *Castro* decision does not extend beyond initial filings, and nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not." Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004), *affirmed*, Gonzalez v. Crosby, __ S.Ct. __, 2005 WL 1469516 (June 23, 2005).

Case Nos. 4:94cr4021-WS and 4:05cv277-WS/WCS

tunc" motion was correctly construed as a successive § 2255 motion, and denied a certificate of appealability.  Doc. 347.

In an apparent attempt to avoid another dismissal under the successive motion provisions of § 2255, Defendant now asserts that the court has authority to grant relief under 18 U.S.C. § 3582(c)(1)(B), providing that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Doc. 349, pp. 1, 6, 11 and 12.  He asserts jurisdiction pursuant to Article III, § 2 of the Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(2)-(4).  *Id.*, pp. 1-2, 4-6, and 11.  Defendant asserts that the court has authority to invoke equitable tolling under Fed.R.Crim.P. 35.  *Id.*, pp. 6-7, 11-12.

Defendant is "in custody" under a federal sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and therefore "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  § 2255.  His claim for relief under <u>Booker</u> and other cases falls under the plain language of § 2255.  Defendant's citations to the Constitution, and to various statutes, do not change the nature of his request for relief.  He is entitled to post conviction relief, if at all, under § 2255.[2]

---

[2] It is noted that, under the "savings clause" of § 2255, a prisoner otherwise entitled to proceed under § 2255 may seek relief by habeas corpus *if* the § 2255 remedy is inadequate or ineffective.  Defendant Martin cannot make this showing, however, as he cannot show that his claim is based on a retroactively applicable Supreme Court

Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive motion raising a Booker claim.  § 2255 (requiring that "[a] second or successive motion must be certified as provided in section 2244" to contain newly discovered evidence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").  Authorization for filing such a claim has been denied in this circuit.  In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review).  *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi announced a new rule which did not apply retroactively on collateral review).

It is therefore respectfully **RECOMMENDED** that Defendant Martin's "Petition for Modification or Correction of Sentence" and related petitions (docs. 349-351) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2005.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

opinion, or that it establishes that he was convicted for a nonexistent offense.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (establishing a three part test); Sawyer v. Holder, 326 F.3d 1363, 1365-66 (11th Cir. 2003) (applying Wofford, noting that to satisfy the second part of the test defendant had to show that he was convicted for conduct that did not constitute a crime).

Case Nos. 4:94cr4021-WS and 4:05cv277-WS/WCS

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**