**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                                                        Case No. 4:94cr4021-WS

**vs.**

**ARTHUR JEROME MARTIN,**

     **Defendant.**

_____/

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

     Defendant Arthur Jerome Martin filed a document titled "Writ of Habeas Corpus in this District Court of the United States an Article III Court for the 50 States for My Immediate Release under the Crown's British Accreditation Registry (B.A.R.) As All Officers of the Court Are 'International Agents' of the British."  Doc. 363 (allcaps omitted).  Defendant asserts that this court lacked jurisdiction and authority to sentence him and he must therefore be released.  He makes a variety of allegations and assertions, for example that the Pope and the Vatican control the United States through the B.A.R., and that Congress, the courts, and all cabinets of the executive branch should be shot by cadets at West Point for treason.

Defendant is entitled to relief from his conviction and sentence, if at all, by a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 or alternatively, a petition for writ of habeas corpus pursuant to § 2241.[1] He is entitled to relief from any other claims (*i.e.*, those claims not going to the conviction, sentence, or length of confinement), if at all, by filing a civil action. The rules of this court provide:

> No application for writ of habeas corpus under 28 U.S.C. §§ 2254 or 2241, motion under 28 U.S.C. § 2255, or civil action commenced by pro se litigants under 42 U.S.C. § 1983 or 2000e (Title VII), 28 U.S.C. §§ 1331 or 1346,[2] shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant.

Local Rule 5.1(J)(2). The current document was not submitted on a form, and it is largely incomprehensible.

As Defendant was previously denied § 2255 relief he must obtain authorization from the court of appeals before filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9(b). *See also* doc. 352 (adopted by doc. 355), pp. 2-4 (discussing the procedural history of this case and the authorization requirement). Forms for filing a second or successive § 2255 motion are available from the Clerk of the Eleventh Circuit. *See* 11th Cir. Rule 22-3(a) (applicants seeking leave to file a second or successive § 2255 motion "must use the appropriate form provided by the clerk of this court.").

---

[1] Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 will not be considered, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (setting forth criteria for satisfying the savings clause).

[2] One form provided by the clerk is appropriate under § 1331 (cases presenting a federal question) and § 1346 (Federal Tort Claims Act complaints).

Case Nos. 4:94cr4021-WS

Absent authorization for filing a § 2255 motion, therefore, Defendant may file a § 2241 petition or a civil complaint.  If he proceeds by filing either he must submit the filing fee[3] or, alternatively, an application to proceed in forma pauperis.  Defendant is advised that for a civil complaint (other than a motion to vacate or a habeas corpus petition), he will be subject to the Prison Litigation Reform Act (PLRA).  See 28 U.S.C. § 1915A, 42 U.S.C. § 1997e.[4]

In any event, he is not entitled to relief by motion filed in this criminal case, as he has not been authorized to file a second or successive § 2255 motion.

It is therefore respectfully **RECOMMENDED** that the "writ of habeas corpus" (doc. 363) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2007.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Under 28 U.S.C. § 1914(a) the filing fee for any civil action is $ 350.00, except the fee for filing a habeas corpus petition is $ 5.00.  A motion in the criminal case (for example under § 2255) does not require a filing fee.

[4] The PLRA does not apply in habeas corpus or § 2255 proceedings.  Harris v. Garner, 216 F.3d 970, 979, n. 7 (11th Cir. 2000), cert. denied, 532 U.S. 1065 (2001) (citation omitted).  If Defendant files a complaint subject to the PLRA and is granted leave to proceed in forma pauperis, he will ultimately have to pay the filing fee and the court may assess a schedule for partial payments.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:94cr4021-WS