**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                              Case No. 4:94cr4021-WS

**vs.**

**ARTHUR JEROME MARTIN,**

    Defendant.

    _____/

**REPORT AND RECOMMENDATION
ON MOTION TO CORRECT AND REDUCE SENTENCE**

Defendant Arthur Jerome Martin filed a document titled as a "Motion to Correct and Reduce Sentence Pursuant to 18 U.S.C. § 3742(a)(1) and 18 U.S.C. § 3553(a). Doc. 387. Defendant initially filed his motion in the Court of Appeals, but the document was returned to him. Doc. 388.

Defendant is not entitled to relief under § 3742 (pertaining to review on direct appeal) or § 3553 (pertaining to the imposition of sentence). As he was advised in a previous report and recommendation, any relief from his sentence would be pursuant to 28 U.S.C. § 2255, and since he has already been denied § 2255 relief he must obtain authorization from the court of appeals to file a second or successive motion. Doc. 364

(incorporated by reference), p. 2, see also docs. 365 and 366 (order adopting recommendation and judgment entered on the docket on November 9, 2007).[1] Authorization has not been granted here.

Defendant complains that he has been incarcerated since 1994 and his health has steadily declined. Doc. 387, p. 13. The sentencing court may reduce a sentence on motion made by the Director of the Bureau of Prisons, if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2] No motion has been made by the Director.[3]

---

[1] The undersigned also noted that Defendant could conceivably proceed with a habeas corpus petition, but only if he could satisfy the "savings clause" of § 2255, requiring a showing that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." Doc. 364, p. 2 and n. 1 (citations omitted).

[2] Defendant's sentence was recently reduced pursuant to § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines. Doc. 381.

[3] Defendant is advised that a request for such a motion should be made in writing to the warden, and must contain:

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

§ 571.61(a)(1) and (2).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to correct and reduce sentence, doc. 387, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 4, 2008.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**